IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**C. W. PARKER**                                                                        **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.: 1:11-cv-00052(LG)(RHW)**

**OFFICERS CLAY NECAISE, TRAVIS
FOREMAN, PATRICK BARBER AND CASEY
PIAZZA, INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITY AS A DULY
COMMISSIONED POLICE OFFICER FOR
THE CITY OF WAVELAND, MS; POLICE
CHIEF JAMES A. VARNELL, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A
DULY COMMISSIONED POLICE OFFICER
FOR THE CITY OF WAVELAND, MS; DAVID
GARCIA, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS MAYOR OF THE
CITY OF WAVELAND, MS; THE CITY OF
WAVELAND, MS; AND UNKNOWN JOHN
AND JANE DOES A-Z**                                     **DEFENDANTS**

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW the Defendants, the City of Waveland, Mississippi; Clay Necaise; Travis Foreman; Patrick Barber; Casey Piazza; James A. Varnell; and David Garcia, individually and in their official capacities (hereinafter, the "Municipal Defendants"), and respond to the Plaintiff's Amended Complaint (the "Complaint") as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Municipal Defendants plead all applicable statutes of limitations and the equitable doctrine of laches.

### THIRD DEFENSE

Defendants sued in their individual capacities are entitled to qualified immunity.

### FOURTH DEFENSE

The alleged injuries to Plaintiff were not caused by a policy or custom of the City of Waveland, Mississippi. Accordingly, there is no municipal liability under federal law.

### FIFTH DEFENSE

Punitive damages cannot be assessed against the City of Waveland, Mississippi.

### SIXTH DEFENSE

Although Municipal Defendants deny that Plaintiff is entitled to punitive damages, they affirmatively plead that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Sections 14 and 28 of the Mississippi Constitution.

### SEVENTH DEFENSE

Although Municipal Defendants deny that Plaintiff is entitled to damages, any damages suffered by Plaintiff were caused by his own negligence, and should be reduced accordingly.

### EIGHTH DEFENSE

Defendants plead all applicable provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1 et seq., including, but not limited to, all applicable statutes of limitations, all exemptions from liability, all jurisdictional prerequisites to suit and no right to a jury trial.

### NINTH DEFENSE

Plaintiff's claims are barred due to his having been convicted of resisting arrest and other offenses in connection with the events alleged in his Complaint.

## FACTUAL ALLEGATIONS

Without waiving any of the foregoing affirmative defenses, the Municipal Defendants respond to the specific allegations of the Complaint as follows.

### PRELIMINARY STATEMENT

1. The Municipal Defendants admit that Plaintiff alleges claims under 42 U.S.C. §§ 1983, 1985, and 1986 and state common law. The Municipal Defendants specifically deny that these claims have any merit, and deny all the remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains no factual allegations and thus requires no response. To the extent any response is required, the allegations in Paragraph 2 are denied.

### STATEMENT OF FACTS

3. Municipal Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Municipal Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Municipal Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Municipal Defendants deny the allegations in Paragraph 6 of the Complaint.

7. Municipal Defendants deny the allegations in Paragraph 7 of the Complaint.

8. Municipal Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Municipal Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Municipal Defendants deny the allegations in Paragraph 10 of the Complaint.

### PARTIES

11. Municipal Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 11 of the Complaint and therefore deny the same. Municipal Defendants deny the allegations in the second sentence of Paragraph 11 of the Complaint.

12. Municipal Defendants admit the allegations in the first sentence of Paragraph 12 of the Complaint. The second sentence of Paragraph 12 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 12 are denied. The remaining allegations in Paragraph 12 state legal conclusions and require no response. To the extent a response is required, these allegations are denied.

13. Municipal Defendants admit the allegations in the first sentence of Paragraph 13 of the Complaint. The second sentence of Paragraph 13 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 13 are denied. The allegations in the final sentence of Paragraph 13 are denied.

14. Municipal Defendants admit the allegations in the first sentence of Paragraph 14 of the Complaint. The second sentence of Paragraph 14 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 13 are denied. The allegations in the final sentence of Paragraph 14 are denied.

15. Municipal Defendants admit the allegations in the first sentence of Paragraph 15 of the Complaint. The second sentence of Paragraph 15 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 15 are denied. The allegations in the final sentence of Paragraph 14 are denied.

16. Municipal Defendants admit the allegations in the first sentence of Paragraph 16 of the Complaint. The second sentence of Paragraph 16 states a legal conclusion and requires no response. To the extent a response is required, the allegations in the second sentence of Paragraph 16 are denied. The allegations in the final sentence of Paragraph 14 are denied.

17. Municipal Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Municipal Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains no factual allegations and thus requires no response. To the extent a response is required, the allegations in Paragraph 19 are denied.

20. Paragraph 20 of the Complaint contains no factual allegations and thus requires no response. To the extent a response is required, the allegations in Paragraph 20 are denied.

**JURISDICTION**

21. Municipal Defendants admit that this Court has subject matter jurisdiction over Plaintiff's federal claims and supplemental jurisdiction over Plaintiff's state law claims. Municipal Defendants specifically deny that any of these claims have merit, and deny the remaining allegations in Paragraph 21 of the Complaint.

**VENUE**

22. Municipal Defendants admit that this Court is a proper venue for Plaintiff's claims in this matter, and deny the remaining allegations in Paragraph 22 of the Complaint.

**COUNT I**

23. In response to Paragraph 23 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 22.

24. Municipal Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Municipal Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Municipal Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Municipal Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Municipal Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Municipal Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Municipal Defendants deny the allegations in Paragraph 30 of the Complaint.

## COUNT II

31. In response to Paragraph 31 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 30 above.

32. Municipal Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Municipal Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Municipal Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Municipal Defendants deny the allegations in Paragraph 35 of the Complaint.

## COUNT III

36. In response to Paragraph 36 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 35 above.

37. Municipal Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Municipal Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Municipal Defendants deny the allegations in Paragraph 39 of the Complaint.

## COUNT IV

40. In response to Paragraph 40 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 39 above.

41. Municipal Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Municipal Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Municipal Defendants deny the allegations in Paragraph 43 of the Complaint.

## COUNT V

44. In response to Paragraph 44 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 43 above.

45. Municipal Defendants deny the allegations in Paragraph 45 of the Complaint.

PD.5164176.1

46. Municipal Defendants deny the allegations in Paragraph 46 of the Complaint.

## COUNT VI.A

47. In response to Paragraph 47 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 46 above.

48. Municipal Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Municipal Defendants deny the allegations in Paragraph 49 of the Complaint.

## COUNT VI.B

50. In response to Paragraph 50 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 49 above.

51. Municipal Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Municipal Defendants deny the allegations in Paragraph 52 of the Complaint.

## COUNT VI.C

53. In response to Paragraph 53 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 52 above.

54. Municipal Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Municipal Defendants deny the allegations in Paragraph 55 of the Complaint.

## COUNT VI.D

56. In response to Paragraph 56 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 55 above.

57. Municipal Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Municipal Defendants deny the allegations in Paragraph 58 of the Complaint.

### COUNT VI.E

59. In response to Paragraph 59 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 58 above.

60. Municipal Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Municipal Defendants deny the allegations in Paragraph 61 of the Complaint.

### COUNT VI.F

62. In response to Paragraph 62 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 61 above.

63. Municipal Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Municipal Defendants deny the allegations in Paragraph 64 of the Complaint.

### COUNT VI.G

65. In response to Paragraph 65 of the Complaint, Municipal Defendants incorporate by reference their responses to Paragraphs 1 through 64 above.

66. Municipal Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Municipal Defendants deny the allegations in Paragraph 67 of the Complaint.

### PRAYER FOR RELIEF

68. Municipal Defendants deny the allegations in the unnumbered paragraph of the Complaint which begins: "WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays for the following relief . . ." including subparagraphs (a) through (m) thereunder. Municipal Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

69. Municipal Defendants deny the allegations in the unnumbered paragraph of the Complaint which begins: "WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, at

the end. . ." including subparagraphs I through IV thereunder.  Municipal Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, premises considered, Municipal Defendants deny that Plaintiff is entitled to any relief whatsoever and request that Plaintiff's Complaint be dismissed with all costs taxed to the Plaintiff.

THIS, the 27th day of May, 2011.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:   */s/ W. Brett Harvey*
Gary E. Friedman, MB #5532
W. Brett Harvey, MB #102440
4270 I-55 North
Jackson, Mississippi  39211
P. O. Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Telecopier: (601) 360-9777
Email:  friedmag@phelps.com
brett.harvey@phelps.com

Michael Held, MB #101942
NorthCourt One
2304 – 19th Street, Suite 300
Gulfport, Mississippi 39501
Telephone:  (228) 679-1130
Telecopier:  (228) 679-1131
Email:  heldm@phelps.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, W. BRETT HARVEY, do hereby certify that on May 27, 2011 I electronically filed the foregoing *AMENDED ANSWER AND AFFIRMATIVE DEFENSES* with the court via CM/ECF system, which forwarded notification to the following counsel of record:

Robert W. Moak, Esquire
P. O. Box 242
Bogue Chitto, MS  39629
(601) 734-2563
bmoak@locnet.net

*ATTORNEY FOR PLAINTIFF*

          /s/W. Brett Harvey_____
          W. BRETT HARVEY

PD.5164176.1